IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 09-134 |
| | ) | See Civil Action No. 11-1102 |
| SARAH BLAIR, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

O R D E R

AND NOW, this 27th day of January, 2012, upon consideration of Petitioner's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 66), filed in the above captioned matter on August 29, 2011, and upon further consideration of Petitioner's pro se response to the Court's August 30, 2011 Show Cause Order (document No. 70), filed on September 20, 2011,

IT IS HEREBY ORDERED that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DISMISSED.

On May 3, 2010, Petitioner pled guilty to Count Two of the indictment, charging her with armed bank robbery, in violation of 18 U.S.C. § 2113(d). In connection with her plea, she and the Government entered into a plea agreement (document No. 43) which includes a waiver of certain appellate rights as well as a provision that Petitioner "further waives the right to file a

1

motion to vacate sentence, under 28 U.S.C. § 2255, attacking her conviction or sentence, and the right to file any other collateral proceeding attacking her conviction or sentence." The agreement further states that it

> sets forth the full and complete terms and conditions of the agreement between [Petitioner] and the [Government], and there are no other agreements, promises, terms or conditions, express or implied.

Petitioner signed the agreement and agreed at the plea hearing that she had agreed to the terms set forth in the agreement, which both the Government and the Court reviewed for her at that hearing. The Court accepted Petitioner's plea.

On August 26, 2010, the Court sentenced Petitioner to 235 months' imprisonment and 5 years' supervised release, and judgment was entered on August 31, 2010. Petitioner did not file a notice of appeal. Instead, Petitioner filed the present motion pursuant to 28 U.S.C. § 2255. Because the Court was aware of the waiver of the right to file a Section 2255 motion contained in the plea agreement entered into by Petitioner, it ordered Petitioner to show cause why her motion should not be dismissed on the basis of this waiver. Petitioner's response does not clearly or directly address the waiver, but rather restates her argument that her counsel was ineffective in regard to advice about sentencing and that, but for this ineffective advice, she would not have pled guilty and would have proceeded to trial. The Court finds no merit in Petitioner's arguments and finds Petitioner's waiver to

be enforceable.

Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). However, a criminal defendant may waive her right to file a motion under Section 2255 or to otherwise seek collateral relief. Such a waiver is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008). A district court has an affirmative duty to conduct an evaluation of the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice. See Mabry, 536 F.3d at 237-38.

Here, Petitioner clearly and unambiguously waived her right to file a motion under Section 2255 or to otherwise seek collateral relief, and the record demonstrates that the waiver is enforceable. Although Petitioner raises issues regarding whether her plea was knowing and voluntary because of alleged advice regarding sentencing issues, she does not allege that the waiver

3

of her right to file a collateral attack itself was anything other than knowing or voluntary. Likewise, she does not claim that the waiver itself was the product of ineffective assistance of counsel. Accordingly, there is no basis for finding that the waiver was anything other than knowing and voluntary. See United States v. Akbar, 181 Fed. Appx. 283, 286-87 (3d Cir. 2006); United States v. Watkins, 2011 WL 2261059 (W.D. Pa. June 8, 2011); United States v. Fagan, 2004 WL 2577553, at *4 n.5 (E.D. Pa. Oct. 4, 2004).

In fact, the Court questioned Petitioner extensively regarding the waiver of her right to file a collateral attack as to her plea and sentence:

> Ms. Blair, do you understand that ordinarily you or the Government may have the right to appeal any sentence the court imposes; however, the Court notes that in paragraph A14 of the plea agreement, you and the Government agreed that you would waive, that is, give up your right to take a direct appeal from your conviction or sentence subject to the following exceptions:
>
> First, if the United States appeals from the sentence, you may take a direct appeal from the sentence. Do you understand that?
>
> You may also take a direct appeal from the sentence only on the following grounds:
>
>> (1) the sentence exceeds the applicable statutory limits set forth in the United States Code. Do you understand that?; or
>>
>> (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines. Do you understand that?

> To repeat, by these provisions of the plea agreement, you are giving up the right to appeal both the validity of your plea of guilty and the legality of your sentence. Do you understand that?
>
> Further, you have also waived the right to file a motion to vacate sentence under Title 28, United States Code, Section 2255, and the right to file any other collateral proceeding attacking your conviction or sentence. Do you understand that?

Petitioner answered all of these questions in the affirmative.

The Court therefore continued:

> The waivers you have entered into are generally enforceable if entered into knowingly and voluntarily unless they work a miscarriage of justice. Has anyone made a threat to you or anyone else that has forced you to waive these rights?
>
> Has anyone made any promise to you other than the promises made in the plea agreement that has induced you to waive these rights?

When Petitioner responded in the negative, the Court found the waivers to be knowing and voluntary.

Moreover, no miscarriage of justice would occur as a result of the enforcement of the waiver. As the Third Circuit has explained, in determining whether there would be a miscarriage of justice, the Court must consider factors such as the clarity of the alleged error, its gravity, its character, the impact of the error on Petitioner, the impact of correcting the error on the Government, and the extent to which Petitioner acquiesced in the result. See Khattak, 273 F.3d at 563 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). Applying those

5

factors here demonstrates that no miscarriage of justice will occur by enforcing the collateral waiver.

The Court again notes that Petitioner herself does not really argue that enforcement of the waiver would work a miscarriage of justice. Indeed, as noted, she really does not address the issue at all. However, as she does discuss her attorney's alleged ineffectiveness at length, the Court will assume that she is arguing that such ineffectiveness will result in a miscarriage.[1] The Court is also required to engage in its own independent review of the record. In any event, the Court finds no grounds for not enforcing the waiver.

First, it is not clear that Petitioner was given any erroneous advice. It is not clear what Exhibit 2 actually is or that it was prepared by counsel. It appears to be roughly written notes about possible sentence Petitioner may receive. However, even assuming it was prepared by counsel, Exhibit 2 accurately shows Petitioner's offense level as 31 after Petitioner's acceptance of responsibility and her criminal history category as VI. It then states that this would result in 188 months, which is the bottom of the guideline range based on an offense level of 31 and a criminal history category of VI. While, as noted, the

---

[1] Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999).

purpose of these notes is not entirely clear, they at no point state that 188 months was the maximum sentence Petitioner could receive. Exhibit 7 is a rather detailed response to various items Petitioner wanted to be included in her plea agreement. Petitioner does not explain how any of this advice was wrong, nor does she establish, or even claim, that the Government would have accepted a plea deal more favorable to her.

Petitioner is essentially arguing that her counsel was ineffective for failing to secure a plea agreement with the Government more to her liking. However, she does not allege that the Government would have even accepted such an agreement, and, indeed, there is absolutely no record evidence that such an agreement was possible. Therefore, Petitioner could not establish deficient performance, nor could she establish a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See United States v. Romero-Gallardo, 113 Fed. Appx. 351, 354 (10th Cir. 2004); United States v. Hall, 212 F.3d 1016, 1022 (7th Cir. 2000); United States v. Boone, 62 F.3d 323, 327 (10th Cir. 1995). See also Lawuary v. United States, 199 F. Supp. 2d 866, 877 (C.D. Ill. 2002) ("The failure to negotiate a different plea agreement should instead be characterized as trial strategy that does not constitute ineffective assistance of counsel.").

In sum, there appears to be little merit in her argument

that her counsel was ineffective.[2] At best, the issue is highly ambiguous. However, even assuming a clear error, the other factors demonstrate that no miscarriage of justice would result from enforcing the waiver. The Government would be greatly prejudiced by having to try a case that is now several years old and in which it relied heavily on Petitioner's cooperation to secure the pleas of her co-defendants. Issues of immunity could now potentially muddy any subsequent trial. Further, although no motion pursuant to Federal Rule of Criminal Procedure 35(b) has yet been filed, Petitioner's plea agreement clearly has left open the possibility that one will be filed. Petitioner might well lose this benefit were she to withdraw her plea and proceed to trial. The Court notes, though, that the decision as to whether to file such a motion is left to the discretion of the Government, as counsel correctly advised Petitioner.

Finally, Petitioner acquiesced in any error. First, as discussed above, Petitioner, by her own admission, was aware that her plea agreement would not contain the additional provisions she had requested, yet she still entered into the agreement. The Court, at the hearing, advised Petitioner that the Sentencing Guidelines would only be advisory to the Court, that the Court could sentence her outside of the recommended guideline range, and

---

[2] The Court further notes that there was no threat by counsel to Petitioner to induce her plea.

that the Court would not be able to determine her advisory guideline range until after a presentence report had been prepared and she and the Government had an opportunity to challenge it. The Court then advised her of the maximum sentence she could receive pursuant to statute. Further, she was specifically advised by the Court that she would have no right to withdraw her plea if her sentence was more severe than she expected, and she answered that she understood.

      The court also asked Petitioner:

> Has anyone made any threat to you or to anyone else that has forced you to plead guilty?
>
> Has anyone made any promise other than the promises made in the plea agreement that induced you to plead guilty?
>
> Has anyone made any prediction or promise as to what your actual sentence will be other than what you have been told as a maximum sentence?
>
> Has anything I have said here today, other than what I have told you about the maximum sentence, suggested to you what your actual sentence will be?
>
> Have you been instructed by the Government attorney, your attorney, or anyone else to respond untruthfully to any question concerning a promised sentence?

Petitioner responded in the negative to all of these questions. Any misinformation Petitioner may have received regarding the sentence she faced from her attorney, and, again, there does not appear to have been any, such error was cured by the Court's colloquy. See United States v. Shedrick, 493 F.3d 292, 299 (3d

9

Cir. 2007); <u>United States v. Jones</u>, 336 F.3d 245, 254 (3d Cir. 2003); <u>United States v. Mustafa</u>, 238 F.3d 485, 492 (3d Cir. 2001).

In sum, no miscarriage of justice will occur if the waiver is enforced. The Court's independent review of the record reveals nothing to the contrary.

Accordingly, Petitioner's motion is dismissed. Moreover, because Petitioner waived her right to file any such motion, this Court does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

cc:     Sarah Blair, OH-2191
        FCI Cambridge Springs
        451 Fullerton Avenue
        Cambridge Springs, PA   16403-1238

10 (footer)

Cir. 2007); <u>United States v. Jones</u>, 336 F.3d 245, 254 (3d Cir. 2003); <u>United States v. Mustafa</u>, 238 F.3d 485, 492 (3d Cir. 2001).

In sum, no miscarriage of justice will occur if the waiver is enforced. The Court's independent review of the record reveals nothing to the contrary.

Accordingly, Petitioner's motion is dismissed. Moreover, because Petitioner waived her right to file any such motion, this Court does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

cc:     Sarah Blair, OH-2191
        FCI Cambridge Springs
        451 Fullerton Avenue
        Cambridge Springs, PA   16403-1238